1  Farrah Mirabel Esq., Bar No.:162933
   **LAW OFFICES OF FARRAH MIRABEL**
2  4590 MacArthur Blvd., Suite 280
   Newport Beach, CA 92660
3  Telephone:    (949) 752-0707
   Facsimile:    (949) 752-0779
4  machavez2esq@gmail.com
   Attorneys for Plaintiffs

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11  NANCY CALZADILLA WHEELER, an      )  CASE NO.: SACV12    882 JST (JPPx)
    individual; NAHID MOSHIRI, an individual; )
12  on behalf of themselves and all others   )  **NATIONWIDE AND CALIFORNIA**
    similarly situated,                       )  **CLASS ACTION COMPLAINT FOR:**
13                                            )
                         Plaintiffs,          )  1.  **FRAUD/FRAUDULENT**
14                                            )      **CONCEALMENT;**
                         v.                   )  2.  **UNFAIR BUSINESS PRACTICES**
15                                            )      **(Cal. Bus. & Prof. Code 17200 et**
    THE ESTEE LAUDER COMPANIES, INC., )          **seq.)**
16  a Delaware corporation; ESTEE LAUDER, )  3.  **FALSE ADVERTISING (Cal. Bus.**
    INC., a Delaware corporation authorized to do )  **& Prof. Code 17500 et seq.)**
17  business in California; ORIGINS NATURAL )  4.  **VIOLATIONS OF CALIFORNIA'S**
    RESOURCES, INC., a Delaware corporation )      **CONSUMER LEGAL REMEDIES**
18  authorized to do business in California.  )      **ACT; and**
                                              )  5.  **INJUNCTIVE RELIEF**
19                       Defendants.          )
                                              )
20  _____ )      **DEMAND FOR JURY TRIAL**

21

22        Plaintiffs individually and on behalf of all others similarly situated, complain and allege

23  on information and belief, except as to those paragraphs applicable to the named Plaintiffs,

24  which are based upon said named Plaintiffs' personal knowledge, as follows:

25  ///

COPY

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 1



## I.  OVERVIEW

1.　This class action arises out of the deceptive and misleading conduct of Defendants THE ESTEE LAUDER COMPANIES, INC., a Delaware corporation; ESTEE LAUDER, INC., a Delaware corporation authorized to do business in California; ORIGINS NATURAL RESOURCES, INC., a Delaware corporation authorized to do business in California (collectively hereafter "Defendants") in marketing, advertising, selling, promoting and distributing cosmetic products in the United States.  Since the inception of the manufacturing and selling of its successful anti-aging product Plantscription, Defendants have marketed and advertised this product as producing dramatic anti-aging benefits, as evidenced by a prolific ad campaign with model Caroline Forsling ("Forsling"), as more thoroughly detailed below.  In fact, model Forsling never used the product and the so-called "anti-aging" effects were a falsity, thereby rendering Defendants' failure to disclose these facts wholly deceptive.

2.　The named Plaintiffs bring this suit individually, and on behalf of all others similarly situated.

3.　As a result of the unfair, unlawful and deceptive practices of Defendants as described herein, Defendants have (a) concealed and misled consumers into believing that Defendants' Plantscription product renders dramatic anti-aging effects; (b) unfairly, unlawfully and improperly induced consumers into purchasing its products, specifically Plantscription; (c) advertised, marketed and/or labeled their cosmetic products in a way that was misleading in a material respect and/or likely to deceive consumers; and (d) acted to conceal and mislead consumers to as to create a likelihood of confusion regarding their cosmetic products, namely Plantscription.

## II.  JURISDICTION AND VENUE

4.　This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332 because there are over 100 members of the proposed

1  class, at least one member of the proposed class has a different citizenship from a defendant and

2  the total matter in controversy exceeds $5,000,000.  Venue is proper in the Central District of

3  California because this district is the district in which a substantial part of the acts or omissions

4  giving rise to the claims occurred.

## III. PARTIES

6  5.  Plaintiff NANCY CALZADILLA WHEELER is an individual consumer residing in

7  Orange County, California who, during the proposed Class Period, purchased Defendants'

8  "Plantscription" product within Los Angeles County, California.

9  6.  Plaintiff NAHID MOSHIRI is an individual consumer residing in Los Angeles County,

10  California who, during the proposed Class Period, purchased Defendants' "Plantscription"

11  product within Los Angeles County, California.

12  7.  Defendant THE ESTEE LAUDER COMPANIES, INC. is a Delaware corporation,

13  headquartered in New York and registered to do business in California with the Secretary of

14  State's office as ESTEE LAUDER, INC. and manufactured, marketed, advertised, distributed

15  and/or produced cosmetic products, specifically Defendants' "Plantscription" product, during the

16  Class Period in the United States and in the Central District.  At all relevant times, Defendant

17  ESTEE LAUDER COMPANIES, INC. sold its products utilizing a multitude of different brand

18  names including "Origins."

19  8.  Defendant ORIGINS NATURAL RESOURCES, INC. ("ORIGINS") is a Delaware

20  corporation, headquartered in New York registered to do business in California with the

21  Secretary of State's office.  Plaintiffs are informed and believe and based thereon allege that

22  ORIGINS manufactured, marketed, advertised, distributed and/or produced cosmetic products,

23  specifically Defendants' "Plantscription" product, during the Class Period in the United States

24  and in the Central District.

25  9.  At all relevant times, Defendant ESTEE LAUDER COMPANIES, INC. sold its products

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 3

1    utilizing a multitude of different brand names including "Origins."  Upon information and belief

2    all of the Defendant entities are companies that sell an eponymous line of skincare and cosmetic

3    products.

4         10. According to its website, ORIGINS mission is to create skincare that is "powered by

5    nature and proven by science." ORIGINS also claims on its website that its products are

6    developed by a plant physiologist, who heads a global plant science team.

7         11. Upon information and belief, ORIGINS offers its products in its own stores and in

8    department stores across the country and abroad. ORIGINS also offers its products for sale

9    online.

10              **IV. FACTUAL BACKGROUND AND SUBSTANTATIVE ALLEGATIONS**

11   MODEL CAROLINE FORSLING

12        12. Forsling is a highly successful fashion model. Over the course of her career, she has

13   appeared in runway shows for numerous designers, including Ralph Lauren, Gucci, Chanel,

14   Valentino, Prada, Armani, and many others.

15        13. Forsling has also appeared in television commercials and print advertising for major

16   clothing, cosmetics and luxury goods retailers. These clients include Gap, Target, Macy's, Nike,

17   Hermes, Prescriptives and many others.

18        14. In addition, Forsling has appeared in and on the cover of several magazines. Notably, she

19   was a Sports Illustrated swimsuit model, and also appeared in several fashion magazines,

20   including Vogue, Elle, Cosmopolitan, and Glamour, among others.

21   THE PHOTO SHOOT

22        15. On or about June 30, 2010 Forsling, through her modeling agency, entered into an

23   agreement with a company that manufactures hair care products. Upon information and belief,

24   Defendant Lauder at all times relevant hereto was and is the owner of that hair care company.

25   ///

16. Pursuant to that agreement, Forsling agreed to appear for the Photo Shoot. The hair care company agreed that it would only use the photographs taken at the Photo Shoot to advertise its own hair care products. Forsling did not authorize the hair care company to use or license the photos to advertise any other products.

17. On or about July 1, 2010, Forsling appeared for the Photo Shoot. Before stylists did Forsling's hair and make up for the Photo Shoot, the photographer took a photograph of Forsling's face as a test shot (the "Test Shot"). In the Test Shot, Forsling's hair was pulled away from her face and she was wearing little or no make up.

18. At all times relevant hereto, Forsling believed that the Test Shot would not be used in any advertisement or otherwise distributed.

<u>USE OF THE PHOTOGRAPHS IN THE PLANTSCRIPTION CAMPAIGN</u>

19. Among other products, ORIGINS sells a skincare product knows as "Plantscription."

20. ORIGINS describes Plantscription as an "anti-aging serum." According to ORIGINS, although Plantscription is not a prescription drug, it will visibly repair four major signs of aging in just four weeks. Specifically, ORIGINS claims that the product: (i) "[n]oticeably reduces wrinkle length [and] depth; (ii) "[s]moothes uneven skin texture; (iii) "[v]isibly lift[s] sagging contours," and (iv) "revives youthful 'bounce' and firmness."

21. In early 2011, Defendants used Forsling's image in their advertising material for Plantscription. They included her image in advertising on the ORIGINS website, both as a static image and in a promotional video, as well as in-store displays. These advertising materials are collectively referred to herein as the "Plantscription Ad Materials."

22. Upon information and belief, the Plantscription Ad Materials stated that Defendants had conducted a clinical study to test the results of Plantscription use. Upon information and belief, the Plantscription Ad Materials stated that the test subjects of the study were women aged 45-60.

/ / /

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 5

23. In these materials, Defendants used an image of Forsling's face from the Test Shot. Upon information and belief, the image was modified through the use of photo editing software, though it remained recognizable as an image of Forsling.

24. Defendants divided Forsling's image from the Test Shot into two parts as part of a purported "dramatization" of the results of using Plantscription. The left side of the image is labeled with the word "Before," ostensibly to represent the model's skin condition before Plantscription use. On the left side, Forsling's face appears dark, with visible wrinkles on the forehead and near the eyes and lips.

25. By contrast, the right side of the image of Forsling's face is labeled with the word "After," ostensibly to represent the model's skin condition after use. On the right side, Forsling's face appears light, with smoother, younger-looking skin.

26. The Plantscription Ad Materials pointed to four parts of the "After" portion of Forsling's face to illustrate Defendants' claim that "[i]n just 4 weeks – 4 signs of aging visibly repaired."

27. First, there is a line extending from Forsling's forehead, with the following corresponding text: "Noticeably reduces wrinkle length & depth Visibly helps repair the vertical fret lines between your eyes, the stubborn furrows across your forehead and the deepening frowns that frame your mouth."

28. Second, there is a line extending from skin just below Forsling's eye, with the following corresponding text: "Smoothes uneven skin texture. Helps boost cell turnover to restore smoothness, radiance and clarity."

29. Third, there is a line extending from just below Forsling's cheek bone, with the following corresponding text: "Visibly lift sagging contours Helps rebuild natural Collagen and Elastin fibers to make skin stronger and more resilient. Skin is clinically firmer, smoother and more lifted-looking."

/ / /

30. Fourth, there is a line pointing to the skin near Forsling's lips, with the following corresponding text: "Revives youthful 'bounce' and firmness Helps increase production of skin's natural Fibrilin, the glycoprotein that gives skin youthful firmness and buoyancy much like a box spring gives support to a mattress."

Forsling Never Used Plantscription

31. Forsling has never used Plantscription. She did not participate in Defendants' study – indeed, she would not have been eligible to participate because she is significantly younger than 45.

32. Defendants did not disclose in the Plantscription Ad Materials that Forsling never used Plantscription, that Forsling is not aged 45-60 or that the so-called "dramatization" of the product did not result from the use of the product by Forsling, but rather reflected Defendants' manipulation of a photograph.

Defendants Never Told Forsling About the Plantscription Campaign

33. Defendants neither sought nor obtained Forsling's written or other consent to use her image in the Plantscription Ad Materials or even informed her of their use of her image.

34. Forsling had no idea that Defendants used her image in the Plantscription Ad Materials until, in early March 2011, a make-up artist told Forsling that the make-up artist had seen Forsling's face on a Plantscription ad.

35. Forsling then contacted Defendants and told them that they had no right to use her image in the Plantscription ads. She demanded that Defendants remove the materials from their website and their stores and discontinue all other unauthorized use of her image.

36. Defendants subsequently represented to Forsling that they would remove her image from the Ad Campaign Materials. However, Defendants continued using the Forsling Ad Campaign Materials in connection with their efforts to boost sales of their Plantscription product. As a result, on May 31, 2011, Forsling filed a lawsuit against Defendants and its related entities for

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 7

1  | violation of her privacy rights and various other causes of action stemming from Defendants'

2  | unlawful, fraudulent and otherwise unauthorized bad acts.

3  |     37. As a result, during the Class Period, Defendants marketed their products, specifically,

4  | Plantscription, as having anti-aging benefits and producing results associated therewith such

5  | claims - - all as depicted in the Forsling Ad Campaign Materials.  For a period of time during the

6  | Class Period, Defendants marketed Plantscription as having anti-aging benefits when in fact

7  | Defendants' products had not produced such results as advertised.

8  |     38. Plaintiffs are informed and believe and based thereon allege that even after the filing of

9  | Forsling's lawsuit and subsequent revelations about the deceptive and false Forsling Ad

10 | Campaign Materials, Defendants continued usage and publication of said materials.

11 | Furthermore, Defendants failed to inform the public, including its past, present and/or future

12 | consumers of its products, that the representations set forth in the Forsling Ad Campaign

13 | Materials were false, misleading and/or deceptive.

14 |     39. Additionally, Plaintiffs are informed and believe and based thereon allege that

15 | Defendants allowed the Forsling advertisements to remain active on certain websites after the

16 | discovery of the falsities contained therein, as alleged hereinabove.

23 | /

24 | //

25 | ///

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 8

## ACTUAL CONSUMER COMPLAINTS

40. Plaintiffs are informed and believe and based thereon allege that there exists a large quantity of consumers who have purchased Defendants' cosmetic products, namely "Plantscription," and are dissatisfied with the results stemming from their usage of "Plantscription" and who feel tricked, deceived and/or otherwise misled by their purchase and usage of said product(s). In fact, the following reviews were posted (as indicated within the text) at various recent times on the "Origins" website:

- Written by: JANEK
  Location: CHARLOTTESVILLE, VA
  Skin Concern: AGING
  Using Origins For: LESS THAN 1 YEAR
  Recommend to a friend? NO
  Couldn't tell any difference
  Date: MARCH 11, 2012
  "I've used a whole container of this and I really can't tell any difference in my skin. I did before and after pictures and I see no difference at all. I really wanted this to work, but I won't be buying it again."

- Written by: REDSONJ
  Location: MASSACHUSETTS
  Skin Type: DRY
  Skin Concern: LINES AND WRINKLES
  Using Origins For: LESS THAN 1 YEAR
  Recommend to a friend? NO
  Didn't see results
  Date: NOVEMBER 28, 2011
  "I really, really wanted this product to work but sad to say I was disappointed. I am 45 and while I look reasonably good for my age definitely have visible laugh lines and lines on my forehead. I bought this product twice and used it religiously. I even took a before and after photo of myself and saw no difference. I won't buy this again. I would however recommend the White Tea Skin guardian (cheaper) and Modern Friction exfoliater."

- Written by: DATTIE
  Location: MADISON, AL
  Skin Type: COMBINATION
  Skin Concern: FIRMING/LIFTING
  Using Origins For: 1-5 YEARS
  Recommend to a friend? NO
  Didn't Do Anything For Me

Date: SEPTEMBER 27, 2011

"This was supposed to help with the deep wrinkles. I used the entire bottle with no results. I use Origins Make A Difference Cleanser and I really like it."

- Written by: JIYA
Location: NEW MEXICO
Skin Type: DRY
Skin Concern: LINES AND WRINKLES
Using Origins For: 6-10 YEARS
Recommend to a friend? NO
Disappointed
Date: AUGUST 19, 2011
"I have gone thru 1 1/2 containers of Plantscription waiting for a big change. I have been disappointed. My skin is nice for my age (upper 50's) and I have protected it from the sun for years so I really didn't have any problems. But still I thought I would notice something.
On a positive note, I just received a sample of VitaZing and noticed a big difference right away. Sometimes it's just about finding the right product."

- Written by: READER1
Location: CENTRAL COAST, CA
Skin Type: COMBINATION
Skin Concern: AGING
Using Origins For: 6-10 YEARS
Recommend to a friend? NO
Not Worth the Money
Date: JULY 11, 2011
"I used an entire bottle of Plantscriptions and saw no improvement in my wrinkles. It did make my skin incredibly soft but other, less expensive products do that too. I wouldn't waste my money on this product again nor would I recommend it to a friend."

- Written by: HAWKSANDBEARSFAN
Location: JUST OUTSIDE CHICAGO
Skin Type: COMBINATION
Skin Concern: VISIBLE PORES
Using Origins For: 6-10 YEARS
Recommend to a friend? NO
Doesn't live up to the hype
Date: JUNE 28, 2011
"I love Origins products, and I was excited to try Plantscription. Unfortunately, I noticed absolutely no difference in my skin after using this product for several months. It smells and feels nice, but it's not worth the money."

///

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 10

- Written by: CHEFAMELIE
  Skin Type: COMBINATION
  Using Origins For: 1-5 YEARS
  Recommend to a friend? NO
  Not a high quality product and way overpriced
  Date: JUNE 19, 2011
  "This product is not at all what it says it is. It is not a high quality product; it made wrinkles looks worse and made my skin feel uncomfortable."

- Written by: FAIRLADY
  Location: CHICAGO
  Skin Type: SENSITIVE
  Skin Concern: AGING
  Using Origins For: 1-5 YEARS
  Recommend to a friend? NO
  Don't waste your money
  Date: JUNE 11, 2011
  "I don't like this product at all. I have used A Perfect World for a while and I like it but I am about to turn 35 so I tried Plantscription anti-aging serum. My laugh lines have actually gotten deeper since I started using it. I've gone back to A Perfect World but I still have 3/4 of a bottle of Plantscription that I wasted my money on."

## VI. CLASS ACTION ALLEGATIONS

41. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of themselves and a nationwide class of the following classes of persons (all of whom are collectively referred to as the "Class" or "Class Members"):

i.     All persons in the United States, including those in the State of California, who purchased any cosmetic product of THE ESTEE LAUDER COMPANIES, ESTEE LAUDER INC.. and/or ORIGINS, specifically, but not limited to, "Plantscription," when Defendants were representing in its promotional and/or advertising materials that usage of said product(s) would result in anti-aging benefits as depicted in its ads, when in fact the model in said ads had not used "Plantscription."

/ / /

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 11

ii.     All persons in the United States, including those in the State of California, who purchased cosmetic products of Defendants, specifically "Plantscription," after Defendants began making inadequate disclosures regarding the anti-aging benefits and/or results associated with their Plantscription product.

42. Excluded from the Class is any person or entity in which any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff, having any controlling interest.  Also excluded from the Class is any partner or employee of Class Counsel.

43. Plaintiffs reserve the right to modify the definition of the classes after further discovery.

44. <u>Numerosity of the Class</u>.  The Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of Class Members are unknown to Plaintiffs at this time and can only ne ascertained through appropriate discovery directed at Defendants, Plaintiffs believe and thereon allege that there are in excess of half a million (500,000)  members of the Class.

45. <u>Typicality of Claims</u>.  Plaintiffs' claims are typical of those of other Class members, all of whom have suffered similar harm due to Defendants' course of conduct as described herein.

46. <u>Adequacy of Representation</u>.  Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class and have retained attorneys who are highly experience in the handling of class actions, and Plaintiffs and their counsel intend to prosecute this action vigorously.

/
//
///

47. <u>Predominance of Common Questions of Law or Fact.</u>  Commons questions of fact and law exists as to all Class Members that predominate over any questions affecting only individual Class Members.  These common legal and factual questions, which do not vary among Class Members, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

- Whether Defendants falsely, deceptively, and/or unfairly marketed and/or advertised their cosmetic products, namely Plantscription, by marketing or advertising Plantscription as having superior anti-aging benefits.

- Whether Defendants' disclosures regarding the benefits of using Plantscription was inadequate so as to be false, deceptive, and/or unfair.

- Whether Defendants' conduct was an "unfair practice," within the meaning of California's Unfair Competition Laws (the "UCL" – California Business and Professions Code section 17200) in that it offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

- Whether Defendants' conduct was an "unlawful" practice within the meaning of the UCL.

- Whether Defendants' conduct was a "fraudulent practice," within the meaning of the UCL in that it is likely to mislead consumers.

- Whether Defendants' practices were likely to deceive a consumer acting reasonably in the same circumstances.

- Whether the conduct complained of constitutes a violation of California's Consumer Legal Remedies Act (the "CRLA").

- Whether Defendants' conduct caused harm to the Class.

- Whether injunctive relief is appropriate and necessary to stop Defendants' false, deceptive and/or misleading marketing and/or advertisements related to their claims of the

1   effectiveness of the "Plantscription®" product.

2       ●   Whether the members of the Class are entitled to restitution and/or suffered

3   damages.

4       46.   <u>Superiority.</u>   A class action is superior to other available methods for the fair and

5   efficient adjudication of this controversy, because individual litigation of the claims of all Class

6   Members is impracticable.  Requiring each individual class member to file and individual lawsuit

7   would unreasonably consume the amounts that may be recovered.  Even if every Class Member

8   could afford individual litigation, the adjudication of more than a million identical claims would

9   be unduly burdensome to the courts.  Individualized litigation would also present the potential

10  for varying, inconsistent, or contradictory judgments and would magnify the delay and expense

11  to all parties and to the court system resulting from multiple trials of the same factual issues.  By

12  contrast, the conduct of this action as a class action, with respect to some or all of the issues

13  presented herein, presents no management difficulties, conserves the resources of the parties and

14  of the court system, and protects the rights of the Class Members.  Plaintiffs anticipate no

15  difficulty in the management of this action as a class action.  The prosecution of separate actions

16  by individual Class Members may create a risk of adjudications with respect to them that would,

17  as a practical matter, be dispositive of the interests of the other Class Members not parties to

18  such adjudications or that would substantially impair or impede the ability of such non-party

19  Class Members to protect their interests.

20      47.   The prosecution of individual actions by Class Members would also potentially

21  establish inconsistent standards of conduct for Defendants.  Defendants have acted in respects

22  generally applicable to the Class, thereby making appropriate final and injunctive relief or

23  corresponding declaratory relief with regard to the members of the Class as a whole, as requested

24  herein, the only avenue to guarantee finality on all issues.

25  ///

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 14

### FIRST CAUSE OF ACTION

### FRAUD/FRAUDULENT CONCEALMENT

(As Against All Defendants)

48.     Plaintiffs restate and reallge paragraphs 1-47 as fully set forth herein.

49.     As alleged herein, Plaintiffs are informed and believe and thereon allege that Defendants have made one or more of the uniform material misrepresentations to Plaintiffs and the Class in the marketing, packaging, or sale of their products as alleged above.   Plaintiffs further are informed and believe that Defendants' fraudulently concealed material information regarding the effectiveness of their Plantscription product.

50.     Plaintiffs are informed and believe and thereon allege that in making the above statements and in concealing material information, Defendants acted fraudulently and deceitfully with knowledge that Plaintiff and the Class would rely on their actions, misstatements, and omissions.   Defendants made the aforesaid material representations and/or concealed material facts in order to induce Plaintiffs and the Class to act in reliance on the misrepresentations and statements.

51.     Plaintiffs and the Class at all times did reasonable and justifiable rely both directly and indirectly on that actions, representations and omissions of Defendants.

52.     As a direct and proximate result of Defendants' fraud, Plaintiffs and the Class have suffered actual damages in an amount not presently known, but which will be shown by proof at time of trial, including incidental and consequential damages, and reasonable attorneys' fees.

53.     Plaintiffs and informed and believe and thereon allege that Defendants undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiffs and the Class, and did so with fraud, oppression, and malice.   Therefore, Plaintiffs and the Class are also entitled to recover punitive damages from Defendants in an amount that will be shown by

1 | proof at trial.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA'S UNFAIR BUSINESS PRACTICE ACT

### (CAL. BUS. & PROF. CODE §17200 et seq.)

54.    Plaintiffs restate and reallge paragraphs 1-53 as fully set forth herein.

55.    California Business & Professions Code §17200 et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

*DEFEDANTS' ACTS ARE UNLAWFUL*

56.    By engaging in the false, deceptive, and misleading conduct alleged above, Defendants have engaged in unlawful business acts and practices in violation of the UCL by violating state and federal laws, including but not limited to California Business & Professions Code §17500 et seq., which makes false and deceptive advertising unlawful.

*DEFENDANTS' ACTS ARE UNFAIR*

57.    In addition to being unlawful, Defendants' acts, conduct and practices as alleged above are unfair. Defendants, through deceptive and misleading advertising and representations, includes Plaintiff and class members to purchase Defendants' "Plantscription" product. This injury is not outweighed by any countervailing benefits to consumers or competition.

*DEFENDANTS' ACTS ARE FRAUDULENT AND/OR DECEPTIVE*

58.    In addition to being unlawful and unfair, Defendants' acts, conduct and business practices as alleged above are fraudulent and/or deceptive.

59.    As a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices, Plaintiff and the members of the class have been injured in fact. They

1  purchased cosmetic products, namely "Plantscription," in reliance on Defendants' false and

2  misleading advertising and representations to the general public regarding the anti-aging benefits

3  of their product(s), and they would not have purchased Defendants' cosmetic products, namely

4  "Plantscription" had Defendants made adequate disclosures.

5       60.    Defendants' unlawful, unfair and fraudulent business practices as alleged above

6  present a continuing threat to Plaintiffs, the class and members of the public because Defendants

7  persist and continue to engage in such practices, and will not cease doing so unless enjoined or

8  restrained by this Court.

9       61.    Under California Business & Profession Code § 17203, Plaintiffs, on behalf of

10  themselves, class members and members of the general public, seek an order of this Court:

11       a)    Enjoining Defendants from continuing to engage, use, or employ any unlawful,

12            unfair and/or deceptive business act or practice and unfair, deceptive, untrue, or

13            misleading labeling, advertising, promotion, testimonials, or marketing and any

14            act prohibited by California Business Code § 1720 et seq.; and

15       b)    Restitution of all monies that may have been acquired by Defendants as a result of

16            such unlawful, unfair and/or deceptive acts and/or practices described above.

17                          **THIRD CAUSE OF ACTION**

18             **VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW**

19                   **(CAL. BUS. & PROF. CODE § 17500 et. seq)**

20       62.    Plaintiffs restate and reallge paragraphs 1-61 as fully set forth herein.

21       63.    California Business & Professions Code § 17500 et seq., also known as California

22  False Advertising Law, makes it "unlawful for any person.....corporation or association, or any

23  employee thereof with intent directly or indirectly to dispose of personal property...or anything

24  of any nature whatsoever...to make or disseminate or cause to be made or disseminated from this

25  state before the public in any state, in any newspaper or other publication, or any advertising

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 17

device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement, concerning that...personal property...or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable case should be known, to be untrue or misleading..."

64.     As alleged above, Defendants disseminated or cause to be disseminated deceptive advertising regarding the anti-aging benefits and/or results associated with the usage of "Plantscription" to the general public through various media.  These advertisements were false, misleading and/or inadequate as set forth herein.

65.     Defendants continue to disseminate or cause to be disseminated such false, deceptive and/or inadequate statements as alleged herein.

66.     The false, deceptive and/or inadequate statements regarding Defendants' claims with regard to the anti-aging benefits of Plantscription, as disseminated, or as caused to be disseminated by Defendants, are likely to deceive the consuming public.

67.     While disseminating or causing to be disseminated the false and deceptive statements regarding Defendants' claims regard to the anti-aging benefits of Plantscription, as alleged above, the Defendants knew or should have known that the statements were false and/or misleading.

68.     As a direct and proximate result of Defendants' false and/or misleading advertising, Plaintiffs and the members of the class have been injured in fact, in that they purchased cosmetic products, namely "Plantscription," in reliance on Defendants' false and misleading advertising as to the anti-aging benefits and/or promised results associated with usage of said product(s), that they would not have purchased had the truth been disclosed.

69.     Defendants' false and misleading advertising as alleged above presents a continuing threat to Plaintiff, the Class, and members of the public because Defendants persist

1    and continue to disseminate false and misleading advertising, and will not cease doing so unless

2    and until enjoined or restrained by this Court.

3        70.    Under California Business & Professions Code § 17535, Plaintiffs, on behalf of

4    themselves, the class members, and members of the general public, seek an order of this Court:

5        a)    Enjoining Defendants from continuing to engage, use or employ any act

6            prohibited by California Business Code § 17500 et seq.; and

7        b)    Restitution of all monies that may have been acquired by Defendants' false and

8            misleading statements in advertisements, promotions, testimonials, and/or

9            marketing, as described herein.

10                    **FOURTH CAUSE OF ACTION**

11            **VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT**

12                    **(CALIFORNIA CODE § 1750 et seq.)**

13        71.    Plaintiffs restate and reallge paragraphs 1-70 as fully set forth herein.

14        72.    This cause of action is brought pursuant to California Consumers Legal Remedies

15    Act, California Civil Code § 1750, et seq. ("CLRA")

16        73.    Plaintiffs are consumers as defined by the CLRA and Defendants are either

17    suppliers and/or sellers as defined by the CLRA.

18        74.    Defendants' conduct described herein involves consumer transactions as defined

19    by the CLRA.

20        75.    In violation of the CLRA, Defendants represented to American consumers that

21    their cosmetic products, namely "Plantscription," had anti-aging benefits and usage of the

22    product would result in younger looking skin without disclosing that their model depicted in the

23    advertisements had never in fact used the product(s). The latter representation was misleading.

24        76.    Under California Civil Code § 1780, Plaintiffs, on behalf of themselves, the class

25    members, and members of the general public, seek an order of this Court

a)  Enjoining Defendants from continuing to engage, use or employ any act prohibited by California Civil Code § 1770 et seq.; and

b)  Plaintiffs further intend to amend the Complaint pursuant to Civil Code § 1782(d) should Defendants not timely comply with the impending preliminary notice to be served in compliance with Civil Code § 1782.

## FIFTH CAUSE OF ACTION FOR

### INJUNCTIVE RELIEF

77.  Plaintiffs restate and reallge paragraphs 1-76 as fully set forth herein.

78.  Plaintiffs and the Class request equitable and injunctive relief in order to stop Defendants' false and misleading advertising described herein.

79.  Injunctive relief is in the public interest.

80.  The foregoing injunction is appropriate because, among other reasons, it is necessary to ensure that Class Members do not continue to be deceived by Defendants' conduct.

81.  Equity supports the requested injunctive relief because Defendants committed the acts described above.

82.  As a direct and proximate result of the aforementioned wrongful acts and omissions of Defendants, Plaintiffs and the Class have been deceived and absent injunctive relief, Class Members will continue to be deceived.

83.  Plaintiffs and those similarly situated are subject to irreparable harm absent an injunction.

84.  Plaintiffs and the Class have no adequate remedy at law.

85.  Plaintiffs request a permanent injunction enjoining Defendants from continuing to engage, use, or employ (a) any unlawful, unfair and/or deceptive business act or practice, and (b) any unfair, deceptive, untrue, or misleading labeling, advertising, promotion, testimonials, or marketing.

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 20

## VII. PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and on behalf of the Class, respectfully pray for judgment against Defendants as follows:

1. That the Court determine that the relevant claims in this Complaint may be maintained as a class action under Federal Rule of Civil Procedure 23.

2. For an Order finding and declaring Defendants' acts and practices as challenged herein unlawful, unfair, deceptive and/or fraudulent;

3. For an Order preliminarily and permanently enjoining Defendants from engaging in the practices complained and alleged herein;

4. For an Order requiring Defendants to make restitution of all revenues, earnings, compensation and benefits obtained as a result of Defendants' wrongful conduct;

5. For compensatory damages in an amount in excess of $100 million, with the exact amount to be proven at trial;

6. For punitive damages in an amount to punish Defendants for their conduct and dissuade Defendants from engaging in similar conduct in the future, in an amount to be proven at trial;

7. For prejudgment and post judgment interest to the extent permitted by law;

8. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

9. For such other and further relief as the Court deems just and proper.


DATED: May 31, 2012

LAW OFFICES OF FARRAH MIRABEL

By: _____

Attorneys for Plaintiffs

NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 21

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: May 31, 2012

LAW OFFICES OF FARRAH MIRABEL

By: _____

Attorneys for Plaintiffs

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

NANCY CALZADILLA WHEELER, et al.

_____
*Plaintiff*

v.

THE ESTEE LAUDER COMPANIES, INC., et al.
SEE ATTACHED
_____
*Defendant*

) 
) 
) 
) 
) 
) 

**SACV12   882 JSL(JPRx)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  THE ESTEE LAUDER COMPANIES, INC.c/o The Prentice-Hall Corporation
System, Inc., 2711 Centerville Rd., Ste 400, Wilmington, DE 19808;
ESTEE LAUDER, INC.c/o CSC Lawyers Incorporating Service, 2710 Gateway
Oaks Dr. Ste 150N, Sacramento, CA 95833;
ORIGINS NATURAL RESOURCES, INC., a Delaware corporation authorized to
do business in California, c/o CSC Lawyers Incorporating Service, 2710 Gateway
Oaks Dr. Ste 150N, Sacramento, CA 95833.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:  Farrah Mirabel Esq.
LAW OFFICES OF FARRAH MIRABEL
4590 MacArthur Blvd., Suite 280
Newport Beach, CA 92660

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

CLERK OF COURT

Date:    JUN - 4 2012
_____        _____
                                 *Signature of Clerk or Deputy Clerk*

ORIGINAL

1   Farrah Mirabel Esq., Bar No.:162933
    **LAW OFFICES OF FARRAH MIRABEL**
2   4590 MacArthur Blvd., Suite 280
    Newport Beach, CA 92660
3   Telephone:    (949) 752-0707
    Facsimile:    (949) 752-0779
4   machavezesq@gmail.com
5   Attorneys for Plaintiffs

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  NANCY CALZADILLA WHEELER, an          )   CASE NO:
    individual; NAHID MOSHIRI, an individual; )
12  on behalf of themselves and all others   )   **NATIONWIDE AND CALIFORNIA**
    similarly situated,                       )   **CLASS ACTION COMPLAINT FOR:**
13                                            )
                            Plaintiffs,       )   1. **FRAUD/FRAUDULENT**
14                                            )      **CONCEALMENT;**
                    v.                        )   2. **UNFAIR BUSINESS PRACTICES**
15                                            )      **(Cal. Bus. & Prof. Code 17200 et**
    THE ESTEE LAUDER COMPANIES, INC.,  )      **seq.)**
16  a Delaware corporation; ESTEE LAUDER,  )   3. **FALSE ADVERTISING (Cal. Bus.**
    INC., a Delaware corporation authorized to do )   **& Prof. Code 17500 et seq.)**
17  business in California; ORIGINS NATURAL )   4. **VIOLATIONS OF CALIFORNIA'S**
    RESOURCES, INC., a Delaware corporation )      **CONSUMER LEGAL REMEDIES**
18  authorized to do business in California.   )      **ACT; and**
                                              )   5. **INJUNCTIVE RELIEF**
19                          Defendants.       )
                                              )
20  _____)   **DEMAND FOR JURY TRIAL**

21

22       Plaintiffs individually and on behalf of all others similarly situated, complain and allege

23  on information and belief, except as to those paragraphs applicable to the named Plaintiffs,

24  which are based upon said named Plaintiffs' personal knowledge, as follows:

25  ///

COPY   NATIONWIDE AND CALIFORNIA CLASS ACTION COMPLAINT - 1

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NANCY CALZADILLA WHEELER, an individual; NAHID MOSHIRI, an individual; on behalf of themselves and all others similarly situated,

**DEFENDANTS**
ESTEE LAUDER COMPANIES, INC., a Delaware corporation; ESTEE LAUDER, INC., a Delaware corporation authorized to do business in California; ORIGINS NATURAL RESOURCES, INC., a Delaware corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Farrah Mirabel Esq., Bar No.: 162933
LAW OFFICES OF FARRAH MIRABEL
4590 MacArthur Blvd., Suite 280, Newport Beach, CA 92660

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** in excess of $100 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332; Unfair Business Practices; False Advertising; Violations of C.L.R.A.; Fraud; Injunctive Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **SACV12   882**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                           ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                           ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                           ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (Moshiri) <br> Orange (Wheeler) | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York (all named Defendants) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): ⟨signature⟩          Date May 30, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

**SACV12- 882 JST (JPRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.