VALLE MAKOFF LLP
JEFFREY B. VALLE (Bar No. 110060)
  jvalle@vallemakoff.com
SUSAN L. KLEIN (Bar No. 115927)
  sklein@vallemakoff.com
STEVEN M. RAGONA (Bar No. 181613)
  sragona@vallemakoff.com
11911 San Vicente Blvd., Suite 324
Los Angeles, California 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

Attorneys for Defendants

LAW OFFICES OF FARRAH MIRABEL
FARRAH MIRABEL (Bar No. 162933)
  fmesq@fmirabel.com
4590 MacArthur Blvd., Suite 280
Newport Beach, CA 92660
Telephone: (949) 752-0707
Facsimile: (949) 752-0779

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NANCY CALZADILLA WHEELER, et al., | Case No. SACV12 882 JST (JPRx) |
| | DISCOVERY MATTER |
| Plaintiffs, | Magistrate Judge Jean P. Rosenbluth |
| v. | |
| THE ESTEE LAUDER COMPANIES, INC., et al., | PROTECTIVE ORDER PURSUANT TO STIPULATION OF THE PARTIES |
| Defendants. | |

PROTECTIVE ORDER

Having considered the Stipulation for Protective Order submitted by the parties to this action, and to facilitate the progress of discovery and the protection of the parties' interests, the Court HEREBY ORDERS that a Protective Order is entered as follows:

1. GOOD CAUSE STATEMENT

Consistent with Rule 26(c) of the Federal Rules of Civil Procedure, good cause exists for the Court to enter the requested Protective Order because, among other things, outstanding discovery seeks disclosure of certain confidential, proprietary or private information, and the parties could be prejudiced by dissemination or inappropriate use of such information. Furthermore, the parties may seek discovery from third parties, which discovery may similarly seek confidential, proprietary or private information, and which third parties may insist upon protections for the disclosure of such information. Having this Protective Order in place would therefore also facilitate the discovery of any third party discovery in this action.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.2 "CONFIDENTIAL"/Confidential information or items: information (regardless of how it is generated, stored or maintained) or tangible things that a party or non-party in good faith reasonably believes contains confidential, proprietary or private information.

2.3 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.4 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (includ-

ing, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5   <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.7   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel of record (and their support staffs).

2.8   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.10   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Protective Order cover appropriate uses for all Disclosure or Discovery Material, and, as regards to the extra protections for Protected Material, apply not only to Protected Material, but also to: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Protective Order for Protected Material do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through

trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material as Protected Material. Each Party or Non-Party that designates information or items as "CONFIDENTIAL" under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate as Protected Material only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which Confidential protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order as Protected Material must be clearly so designated before the material is disclosed or produced.

Designation of Protected Material in conformity with this Protective Order requires:

(a)     <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins);

       (b)   <u>for testimony given in deposition</u>, that the Designating Party identifies on the record, before the close of the deposition, all protected testimony;

       (c)   <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated as Protected Material in accordance with the provisions of this Protective Order.

    6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of information or items as "CONFIDENTIAL" at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge is being made in accordance with this specific paragraph of this Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring

within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    6.3 <u>Judicial Intervention Pursuant to Local Rule 37</u>. If the Parties cannot resolve a challenge without court intervention, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, the Challenging Party shall personally deliver, e-mail or fax to the Producing Party the Challenging Party's portion of the Joint Stipulation, together with all declarations and exhibits to be offered in support of the Challenging Party's position, as set forth in Local Rule 37-2. Within 7 days of receipt of the Challenging Party's papers, the Producing Party shall personally deliver, e-mail, or fax to the Challenging Party the Producing Party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the Producing Party's position. After the Producing Party's papers are added to the stipulation by the Challenging Party, the stipulation shall be provided to the Producing Party, who shall sign it (electronically or otherwise) and return it to counsel for the Challenging Party, no later than the end of the next business day, so that it can be filed with the notice of motion.

    After the Joint Stipulation is filed, each party may file a supplemental memorandum of law not later than 14 days prior to the hearing date. A supplemental memorandum shall not exceed 5 pages in length. No other separate memorandum of points and authorities shall be filed by either party in connection with the motion unless so ordered by the Court.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF DISCLOSURE OR DISCOVERY MATERIAL

7.1 Basic Principles. A Receiving Party may use Disclosure or Discovery Material, including but not limited to Protected Material, that is disclosed or produced by another Party or by a Non-Party in connection with this case, only for prosecuting, defending, or attempting to settle this litigation. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 Disclosure of Confidential Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's counsel of record in this action, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment 1);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment 1);

(d) the Court and its personnel;

(e) court reporters and their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment 1). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or a court so orders. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S INFORMATION OR MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

The terms of this Protective Order are applicable to information produced by a Non-Party in this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Attachment 1).

11. <u>MISCELLANEOUS</u>

11.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future. Additionally, nothing herein shall prevent any party from applying to the court for further or additional protective orders.

1    11.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

12.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and

1 trial exhibits, expert reports, attorney work product, and consultant and expert work
2 product, even if such materials contain Protected Material.  Any such archival copies
3 that contain or constitute Protected Material remain subject to this Protective Order as
4 set forth in Section 4 (DURATION).

5
6 IT IS SO ORDERED.
7
8 DATED: January 09, 2013                 _____
9                                                   Honorable Jean P. Rosenbluth
                                                  United States Magistrate Judge

## ATTACHMENT 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have been provided a copy of, and have read in its entirety, the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Nancy Calzadilla Wheeler, et al. v. The Estee Lauder Companies, Inc., et al.*, Case No. SACV12 882 JST (JPRx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____  _____
                                                        [signature]